**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | |
|---|---|
| **ALFIE CARTER,** )<br>)<br>Plaintiff, )<br>) Case No.:<br>v. )<br>) **JURY TRIAL DEMANDED**<br>**UNION PACIFIC RAILROAD** )<br>**COMPANY** )<br>Serve at: )<br>The Corporation Company, Inc. )<br>112 SW 7th Street Suite 3C, )<br>Topeka, KS 66603 )<br>)<br>Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and for his Complaint states the following to the Court:

## PARTIES

1. Plaintiff Alfie Carter (hereinafter sometimes referred to as "Plaintiff") was an employee of Defendant Union Pacific Railroad (River City) LLC (hereinafter sometimes referred to as "Defendant").

2. Plaintiff was subjected to pervasive disability discrimination and retaliation by one or more agents and/or employees of Defendant.

3. Plaintiff is an African American Male over the age of 40 and a resident of the state of Missouri.

4. Defendant is a foreign corporation in good standing in the State of Kansas, and organized under the laws of the State of Delaware.

1

5. At all relevant times, Defendant was authorized to conduct business in the State of Kansas and was conducting continuous and systematic business in the State of Kansas.

6. At all relevant times, Plaintiff worked for Defendant at Defendant's location at 20 East Fairfax Blvd. Kansas City, KS 66115.

7. Defendant had more than twenty (20) employees on all relevant dates contained herein.

## JURISDICTION AND VENUE

8. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

9. Jurisdiction and venue are proper in the district of Kansas pursuant to 28 U.S. Code § 1331.

10. Plaintiff received one Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on or about December 2, 2019. A copy of Plaintiff's Notice of Right to Sue from the EEOC is attached hereto, marked as "Plaintiff's Exhibit 1," and is hereby incorporated as if fully set forth herein.

11. Plaintiff's cause of action arises out of conduct that took place in the state of Kansas.

## ADMINISTRATIVE PROCEDURES

12. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

13. On or about June 6, 2019, Plaintiff timely filed – with the Equal Employment Opportunity Commission ("EEOC") – a charge of discrimination against Defendant on the basis of disability discrimination and retaliation. A copy of said charge of discrimination is attached hereto, marked as "Plaintiff's Exhibit 2," and is hereby incorporated as if fully set forth herein.

14. On or about November 29, 2019, the EEOC issued Plaintiff a Notice of Right to Sue (see Plaintiff's Exhibit 1) related to the Charge of Discrimination identified above, and this lawsuit is being filed within 90 days Plaintiff's receipt of the EEOC's issuance of said Notice.

15. Plaintiff received the EEOC's Notice of his Right to Sue on or about December 2, 2019.

16. The aforesaid charge of discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be, and is, as broad as the scope of an EEOC investigation that could reasonably be expected to have grown out of the charge of discrimination.

17. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and this Petition was filed within the applicable statute of limitations.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

18. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

19. Plaintiff was hired by Defendant in approximately 2004.

20. Plaintiff has Diabetes.

21. On or about July 16, 2018 Plaintiff was in a motorcycle accident.

22. Soon after, Plaintiff was placed on leave from his employment with the Defendant.

23. Plaintiff received a head injury during the crash and broke 3 ribs.

24. Plaintiff's Diabetes, his head injury, and broken ribs are disabilities as defined in 42 U.S.C.§12102(2).

25. Plaintiff was treated for both injuries and received a CT scan on August 3, 2018.

26. The CT scan was reviewed by Dr. William Rosenburg, a neurologist who interviewed and treated Plaintiff in person.

27. Dr. Rosenburg found no intracranial hemorrhaging, fractures, or acute traumatic injury to Plaintiff's brain.

28. Dr. Rosenburg cleared Plaintiff, based on his CT scan results and his a physical examination, to return to work on August 3, 2018.

29. Plaintiff's ribs were still broken and so he was instructed by his general physician Sequita Richardson he needed to remain on leave until September of 2018 to finish healing.

30. Plaintiff requested medical leave to finish healing until September of 2018.

31. Plaintiff kept in contact with Union Pacific regarding his medical leave requests.

32. On August 28, 2018 Plaintiff was cleared by Dr. Richardson to return to work on September 1, 2018 because his ribs had finally healed.

33. She also reviewed Plaintiff's CT Scan and found Plaintiff had exhibited no signs or symptoms of concussion, and again no evidence of hemorrhage or contusion.

34. Plaintiff then attempted to return to work with Union Pacific on September 1, 2018.

35. Plaintiff was informed by Defendant that he would not be allowed to return to work.

36. On September 10, 2019 Defendant sent Plaintiff a letter which stated that because he had taken medical leave, his file would need to be reviewed by Defendant's in-house physician for "fitness for duty."

37. Defendant then demanded Plaintiff's entire medical file from all treating physicians and including records on his totally unrelated diabetes condition.

38. Plaintiff cooperated and provided Defendant with the medical information.

39. Plaintiff was never examined by any of Defendant's medical staff. Nor were the CT Scans included in the medical review conducted by Defendant's doctor.

40. Defendant's doctor ignored the medical opinions of all of Plaintiff's treating physicians who stated Plaintiff was fit for duty.

41. Instead, Defendant's doctor, John Holland, concluded that Plaintiff was unfit to return to work due to a "reported health condition."

42. On October 22, 2018 Holland stated in a letter to Plaintiff that Plaintiff would not be allowed to work for Defendant for the next five (5) years.

5

43. Defendant then stated through its agents in its Human Resources Department that Plaintiff was placed on leave without pay and that he would not qualify for any other position due to his "health condition."

44. At a minimum, the Defendant perceived the Plaintiff as being disabled.

## COUNT I- DISAIBLITY DISCRMINATION IN VOLATION OF THE AMERICANS WITH DISABILITIES ACT

45. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

46. Plaintiff, by virtue of his disability, is a member of a class of persons protected by the ADA.

47. Plaintiff was qualified to perform the essential functions of his job with or without a reasonable accommodation.

48. During the course of Plaintiff's employment with Defendant, Plaintiff has been subjected to severe and unwelcome discrimination based on his disability, including, but not limited to, that contained within this Petition.

49. At all times, the offensive, harassing, and discriminatory conduct was severe, unwelcome, and objected to or opposed by Plaintiff. Nonetheless, Defendant's conduct did not cease.

50. The offensive, harassing, and discriminatory conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

51. Specifically, Plaintiff was terminated or discharged by Defendant.

52. Defendant engaged in action that made Plaintiff's working conditions intolerable.

53. But for Plaintiff's disability Defendant would not have taken those actions.

54. At a minimum, the Defendant perceived that Plaintiff was disabled and therefore unable to perform his job.

55. Defendant acted with the intent of forcing Plaintiff to quit.

56. Alternatively, Defendant telling Plaintiff he could not work for Defendant for the next five (5) years made Plaintiff's resignation reasonably foreseeable.

57. A reasonable person in Plaintiff's position would have deemed resignation the only reasonable alternative.

58. A reasonable person would not stay at a job without pay for five years, and Plaintiff was placed on "leave without pay" for that period of time.

59. Plaintiff was constructively discharged or terminated.

60. At the time that the offensive, harassing, and discriminatory conduct occurred, Plaintiff believed his work environment to be hostile, and/or abusive, and said conduct adversely affected the terms, conditions, and/or privileges of his employment.

61. Defendant knew or should have known of the disability discrimination, as Defendant's Doctor Holland was the one conducting the medical review of Plaintiff's medical history.

62. Defendant failed to exercise reasonable care to prevent and/or promptly correct the aforementioned offensive, harassing, and discriminatory conduct by Defendant, including, but not limited to, one or both of the following:

    a. Failing to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including disability discrimination;

    b. Failing to properly train and/or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADA; and/or

    c. Refusing or failing to engage in an interactive process.

63. Plaintiff's disability was, at the very least, a motivating factor in Defendant's disparate treatment of Plaintiff.

64. Plaintiff's disability was a motivating factor, or played a part in the decision to terminate Plaintiff.

65. As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his disability, in violation of the ADA – at the hands of Defendant during the course of his employment.

66. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been, and continues to be, deprived of monetary and non-monetary benefits.

67. As a direct and proximate result of the Defendant's actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other non-medical bill related compensatory damages.

68. By failing to take prompt and effective remedial action – e.g. disciplining Plaintiff's supervisors – Defendant, in effect, condoned, ratified, and/or authorized the harassment, discrimination, and retaliation against Plaintiff.

69. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or deter it and others from like conduct in the future.

70. Plaintiff is entitled to recover reasonable attorneys' fees from Defendant under the ADA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages - compensatory, nominal, and/or punitive as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II – DISABILTY DISCRIMINATION
## RETALIATION
### *Violation of the ADA*

71. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

72. Plaintiff engaged in protected activities, including but not limited to, reporting his injuries and disability to Defendant's supervisory employees, seeking medical leave for his injuries and opposing being terminated by Defendant.

73. As a result of engaging in said protected activities, Plaintiff suffered adverse employment actions, as alleged in this Petition.

74. Plaintiff's engagement in such protected activities was, at the very least, a motivating factor in the adverse employment actions suffered by Plaintiff.

9

75. As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination because of his disability, in violation of the ADA at the hands of Defendant during the course of Plaintiff's employment.

76. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

77. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other non-medical bill related compensatory damages.

78. By failing to take prompt and effective remedial action – e.g. reprimanding Plaintiff's supervisor and/or terminating his employment – Defendant, in effect, condoned, ratified, and/or authorized the harassment, discrimination, and retaliation against Plaintiff.

79. As shown by the foregoing Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to deter them and others from like conduct in the future.

80. Plaintiff is entitled to recover reasonable attorneys' fees associated with the prosecution of the above-captioned case against Defendant, as provided by the ADA.

81. Plaintiff is entitled to recover costs associated with the above-captioned cause of action, as provided by the ADA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive as is deemed fair and reasonable; for reasonable

attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III – RETALIATION
### *Violation of the Family and Medical Leave Act*

82. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

83. At all relevant times, Defendant was an employer covered by and within the meaning of the FMLA.

84. Plaintiff engaged in conduct protected under the FMLA by requesting (and taking) medical leave due to injuries sustained in a motorcycle accident.

85. Defendant then demanded Plaintiff's private medical files and conducted a "fitness for duty" review when Plaintiff tried to return to work.

86. Defendant then terminated Plaintiff and told him he would not be able to work for Defendant for five (5) years.

87. Plaintiff's exercise of his rights under FMLA were the motivating and/or determining factors in Defendant's decision to terminate Plaintiff.

88. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

89. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other non-medical bill related compensatory damages.

90. Defendant's unlawful retaliation against Plaintiff was committed with malice or reckless disregard for Plaintiff's federally protected rights under the FMLA.

91. Thus, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct in the future.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

*/s/ Nicholas J. Dudley*
Nicholas J. Dudley   #78251MO
1114 West Main Street
Blue Springs, Missouri 64015
Telephone:   (816) 224-9500
Facsimile:   (816) 224-9503
Email:   ndudley@hdtriallawyers.com

COUNSEL FOR PLAINTIFF