## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ALFIE CARTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2:20-cv-02093-DDC-KGG |
| v. | ) | |
| | ) | |
| **UNION PACIFIC RAILROAD** | ) | |
| **COMPANY** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO AMEND SCHEDULING ORDER AND MEMORANDUM IN SUPPORT

COMES NOW Plaintiff Alfie Carter, by and through undersigned counsel, Hollingshead & Dudley and for its Motion to Amend Scheduling Order pursuant to L.R. 6.1, hereby states as follows:

1.  On August 18, 2020, this Honorable Court issued its Scheduling Order. *See* Doc. 11.

2.  On December 21, 2020, after an unopposed motion by Plaintiff, this court amended the scheduling order. *See* Doc. 22.

3.  The Scheduling Order set the following pertinent deadlines:

    a. Close of discovery                                     April 9, 2021;

    b. Plaintiff's Expert Witness Disclosure        November 20, 2020;

    c. Defendant's Expert Witness Disclosure      January 22, 2021;

    d. Plaintiff's Expert Witness Deposition        February 22, 2021;

    e. Defendant's Expert Witness Deposition      March 22, 2021;

    f. Dispositive Motion Deadline            May 7, 2021;

    g. Pretrial Conference                 April 20, 2021;

    h. Trial Setting                      January 4, 2022.

4.     Plaintiff and Defendant have been engaged in an on-going negotiation on Defendant's discovery supplements. *See* Doc. 40.

5.     Defendant agreed to produce documents and supplements by April 1, 2021.

6.     Defendant has since made several supplements of over 600 individual files, with only seven days left in the discovery period.

7.     However, there are still documents in dispute and a pending motion to compel which the parties agree requires a court ruling to resolve.

8.     The parties anticipate these discovery disputes will likely remain unresolved as of April 9, 2021, which is the close of discovery in this case.

9.     Many of the disputed documents deal with witness Dr. John Holland who will likely need to be deposed in Oregon, necessitating flight and travel arrangements for counsel for both parties.

10.     Therefore, additional time is needed to complete necessary depositions in this case and discovery.

11.     Moreover, Plaintiff made his non-retained expert witness disclosure on November 20, 2020 in compliance with the scheduling order.

12.     Plaintiff has worked diligently to secure a time and place for this witness to be available for deposition before December 22, 2020.

13.    Plaintiff's unretained expert witness has since declined to participate as an expert witness in any capacity citing overwork due to the pandemic.

14.    Plaintiff has subsequently contacted at least 15 other Neurologists, and physicians.

15.    None had time to speak to Plaintiff's counsel about the case.

16.    All stated they were unavailable to work as expert witnesses due to increase patient load and safety concerns during the global pandemic.

17.    Plaintiff has located one physician available to serve as Plaintiff's expert witness, but he is unable to review the files or conduct a deposition until July of 2021 at the earliest.

18.    Therefore, Plaintiff requests an extension of time for both parties to conclude discovery and to produce their experts as follows:

     a.  Close of discovery                     August 27, 2021

     b.  Plaintiff's Expert Witness Disclosure       March 18, 2021;

     c.  Defendant's Expert Witness Disclosure       April 1, 2021;

     d.  Plaintiff's Expert Witness Deposition       July 30, 2021;

     e.  Defendant's Expert Witness Deposition       August 23, 2021;

     f.  Dispositive Motion Deadline            October 4, 2021;

     g.  Pretrial conference                   November 22, 2021.

19.    This is the second request to amend the Scheduling Order.

20.    This request will not impact the current trial setting of this case.

21.     The requested amendments to the Scheduling Order are not made in bad faith or to cause undue prejudice. Good cause exists for the extensions as set forth in Paragraphs 3-13 above.

WHEREFORE, Plaintiff Alfie Carter prays that this Honorable Court grant its Motion and amend the Scheduling Order to extend remaining deadlines, and for all other relief that may be deemed just and proper.

HOLLINGSHEAD & DUDLEY
/S EMMALEE A. WILSON
EmmaLee A. Wilson #MO78952
Nicholas J. Dudley #MO78251
1114 Main St.
Blue Springs, MO 64015
Phone: 816.224.9500
Fax: 816.224.9503
ndudley@hdtriallawyers.com
ewilson@hdtriallawyers.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was filed electronically with the Court to be served by operation of the Court's electronic filing system to all counsel of record on April 2, 2021.

/s/ EmmaLee A. Wilson
EmmaLee A. Wilson