IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Alfie Carter,** | ) |
|   | ) |
| Plaintiff, | ) |
|   | ) |
| **vs.** | ) Case No.  20-2093-DDC-KGG |
|   | ) |
| **Union Pacific Railroad Co.,** | ) |
|   | ) |
| Defendant. | ) |

### DEFENDANT'S MEMORANDUM PARTIALLY OPPOSING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND <u>MEMORANDUM IN SUPPORT</u>

Plaintiff Alfie Carter seeks to amend the scheduling order to extend the close of discovery by nearly 5 months as well as extending expert witness disclosure deadlines that have long since passed. *See* Doc. 45. Defendant Union Pacific Railroad Co. opposes these proposed lengthy extensions (and the extension of expert witness disclosures altogether) and, instead, proposes the following modifications to the scheduling order:

- Close of discovery: June 9, 2021;
- All parties' experts to be deposed: June 9, 2021;
- Dispositive motion deadline: July 7, 2021;
- Pretrial conference: June 16, 2021; and
- Trial: March 7, 2022.

Union Pacific opposes the lengthier extensions Carter proposes as follows:

**I.     There is not good cause to extend the long since passed expert disclosure deadlines.**

Carter seeks to amend the scheduling order to extend the deadlines for expert witness disclosures to dates that have already passed, March 18, 2021 for Carter, and April 1, 2021 for

1

Union Pacific. *See* Doc. 45, ¶ 18(b)-(c). Thus, the request itself is futile. But assuming that Carter proposed those dates in error, there still is not good cause for extending the expert disclosure deadlines.

Under the scheduling order, Carter's deadline to disclosure his expert witnesses was November 20, 2020. *See* Doc. 11, ¶ 2(c). On that date, Carter disclosed Dr. Sequita Richardson, his treating physician, as a non-retained expert under Fed. R. Civ. P. 26(a)(2)(C). *See* Ex. A, Pl.'s Designation of Nonretained Expert Witness. Thereafter, Union Pacific timely disclosed its expert witnesses on January 22, 2021—naming T. Scott Diesing, M.D. as a retained expert under Fed. R. Civ. P. 26(a)(2)(B) and John Holland, M.D., M.P.H. and Matthew Hughes, M.D., M.P.H. as non-retained experts under Fed. R. Civ. P. 26(a)(2)(C). *See* Doc. 11, ¶ 2(c); Ex. B, Def.'s Expert Witness Disclosures, pp. 1-3. Neither party designated rebuttal experts by the March 12 deadline. *See* Doc. 11, ¶ 2(c).

Carter now contends that Dr. Richardson "has since declined to participate as an expert witness." *See* Doc. 45, ¶ 13. Carter appears to be asking the Court to extend the expert disclosure deadline because he has no actual control over his non-retained treating physician. But this is unsurprising as (in Union Pacific's counsel's experience) treating physicians rarely "want" to be involved as witnesses in litigation. Fortunately, there are solutions to this issue that do not involve further extending the expert disclosure deadlines. Namely, counsel for Union Pacific has been in communication with Dr. Richardson's counsel, Brent G. Wright of Horn Aylward & Bandy, LLC, about scheduling Dr. Richardson's deposition. *See, e.g.,* Ex. C, E-mail to Brent Wright dated Feb. 9, 2021, p. 1. While Mr. Wright has not yet provided available dates for Dr. Richardson's deposition, should it be needed to secure her attendance, Union Pacific also has the ability to issue Dr. Richardson a Rule 45 deposition subpoena. Thus, Carter's lack of control over Dr. Richardson

does not provide any basis for extending the expert disclosure deadline as Union Pacific is confident that it can depose Dr. Richardson by the proposed June 9, 2021 close of discovery.[1]

Separately, Carter states that he has located a physician who is willing to serve as his expert witness but who is unavailable until July 2021 "at the earliest." *See* Doc. 45, ¶ 17. Given that there are mechanisms for deposing Carter's actual treating physicians, delaying discovery until at least July—8 months after Carter's expert disclosure deadline—is unnecessary and without good cause. Moreover, under the structure of the Court's scheduling order, Union Pacific's expert disclosures were to occur in response to Carter's expert disclosures. *See* Doc. 11, ¶ 2(c). Thus, allowing Carter to disclose his expert in July would further delay discovery because Union Pacific would then have to consider whether its expert disclosures would need supplementation in light of Carter's new disclosure. Ultimately, Carter has provided no explanation for why he was unable to retain an expert by his November 2020 deadline or March 2021 rebuttal deadline or why he failed to bring that to the Court's attention before this late date. He has not shown good cause for extending the expert disclosure deadlines and the Court should deny his request. *See Parker v. Cent. Kan. Med. Ctr.*, 178 F.Supp.2d 1205, 1210 (D. Kan. 2001) (plaintiff failed to establish good cause for additional 60 days to disclose expert witness).

## II.     There is not good cause to extend the close of discovery by nearly 5 months.

Although unclear, it appears that much of the basis for Carter requesting that the close of discovery extend until August 27, 2021 is based on Carter's inability to engage an expert witness until July 2021 "at the earliest." *See* Doc. 45, ¶¶ 17, 18(d)-(e). Since this is unnecessary, it does not

---

[1] Similarly, Union Pacific has been in communications with Carter's treating neurologist, Dr. William Rosenberg, as well as Carter's counsel, about conducting Dr. Rosenberg's deposition on April 30, 2021. *See* Ex. D, E-mail chain with Dr. Rosenberg, *passim*; Ex. E, E-mail chain with EmmaLee Wilson, *passim*.

provide good cause to extend the discovery deadline beyond the June 9 date proposed by Union Pacific. Otherwise, Carter contends that she needs to depose Dr. Holland, but Carter provides no reason why Dr. Holland cannot be deposed by June 9—indeed, before filing his motion, Carter had never actually requested to depose Dr. Holland. *See* Doc. 45, ¶ 9. Similarly, while Carter appears to fault Union Pacific for a delayed discovery dispute, it was Carter who waited nearly 3 months after the scheduling order was entered to serve his written discovery requests on November 12, 2020. *See* Doc. 45, ¶¶ 4-8; Ex. F, E-mail from EmmaLee Wilson, p. 1. Regardless, the only dispute remaining is Carter's attempt to compel irrelevant e-mails related to Dr. Holland's retirement and there is no reason that dispute requires extending discovery beyond June 9, 2021 as Union Pacific proposes. *See* Doc. 42, pp. 3-8; Doc. 44, *passim*. Thus, the Court should deny Carter's request to extend the close of discovery to August 27, 2021.

## CONCLUSION

For the foregoing reasons, Union Pacific does not oppose amending the scheduling order (Doc. 11) as follows:

- Close of discovery: June 9, 2021;
- All parties' experts to be deposed: June 9, 2021;
- Dispositive motion deadline: July 7, 2021;
- Pretrial conference: June 16, 2021; and
- Trial: March 7, 2022.

Union Pacific requests that the Court deny Carter's motion to amend the scheduling order (Doc. 45) in all other respects.

4

7362761v.1

Respectfully submitted this 4th day of April, 2021.

                                    CONSTANGY, BROOKS, SMITH & PROPHETE LLP

                                    By: */s/ Robert L. Ortbals, Jr.*
                                        Robert L. Ortbals, Jr., #78098
                                        7733 Forsyth Blvd., Ste. 1325
                                        St. Louis, MO 63105
                                        Telephone: 314.925.7270
                                        Facsimile: 314.925.7278
                                        rortbals@constangy.com

                                        Virginia L. Woodfork, #78867
                                        600 17th Street, Ste. 2700-S
                                        Denver, CO 80202
                                        Telephone: 720.343.7572
                                        Facsimile: 720.343.7573
                                        vwoodfork@constangy.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 4th day of April, 2021, the foregoing was filed with the CM/ECF system, which served an electronic copy on all counsel of record.

                                                                               */s/ Robert L. Ortbals, Jr.*
                                                                               Attorney for Defendant