# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALFIE CARTER, )
)
       Plaintiff, )
)
vs. ) Case No. 20-2093-DDC-KGG
)
UNION PACIFIC RAILROAD, )
)
       Defendant. )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's Motion to Compel. (Doc. 39.) Having reviewed the submissions of the parties, Defendant's objections are **sustained** and Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff brings claims against his former employer Union Pacific ("Defendant") for disability discrimination and retaliation under the ADA and FMLA. (*See generally* Doc. 1.) He alleges that his diabetes, a head injury, and broken ribs constitute a disability as defined in 42 U.S.C.§12102(2). (*Id*., at ¶ 24.)

Plaintiff continues by alleging that after being on medical leave, he was cleared to work by his treating physicians and attempted to return to work. (*Id*., at ¶¶ 28-34.) According to Plaintiff, however, he was restricted from working for Defendant for five years as a result of a fitness-for-duty evaluation required by

1

Defendant. (*Id*., ¶¶ 35-35, 41-43.)  It is undisputed that the evaluation was conducted by Defendant's fitness-for-duty physician, Dr. John Holland.

The present motion arises from Defendant's responses to discovery served by Defendant.  (*See generally* Doc. 40.)  Plaintiff's motion initially sought to compel Defendant to produce ESI, other responsive documents, and responses sought by Plaintiff's First Interrogatories and Requests for Production of Documents.  Plaintiff indicates that Defendant has previously agreed to produce responses to Interrogatories Nos. 3, 4, 7, 8, 11, 12, 14, 15, and 17 and responsive documents to Requests Nos. 1 – 7, 9, 11, 12, 15, 17 – 19, 22, 24, 28, and 30.  (Doc. 40, at 1-2; Doc. 42, at 1.)  The parties have also had disagreements regarding ESI search parameters.  (*Id*.)

Defendant responds that

> [a]s of this filing, the parties have stipulated that the majority of issues in [Plaintiff's] motion to compel are moot because [Defendant] has supplemented its discovery responses and produced responsive documents as agreed.  … Despite [Plaintiff's] characterization in his motion, [Defendant] has never refused to produce ESI in this case.  Rather, [Defendant] has attempted to work with [Plaintiff's] counsel to construct more targeted searches. … When [Plaintiff's] counsel first proposed ESI searches, she failed to identify a single custodian. … She insisted that [Defendant] run a search for [her] name through its 40,000 employee email accounts.  When [Defendant] pushed back and noted the infeasibility of her request, [Plaintiff's] counsel agreed to identify custodians. … After receiving a list of 38 custodians, [Defendant] asked [Plaintiff's] counsel to agree to using

> a limited number of search terms that addressed the key issues in this case such as "fitness for duty" and "accommodate." … [Plaintiff's] counsel never responded to [Defendant's] multiple emails requesting feedback about the proposed search terms. Instead, [Plaintiff's] counsel filed a motion to compel. Nonetheless, [Defendant] has agreed to produce responsive ESI with respect to Plaintiff's ESI 'Search No. 1' by April 1, 2021. As a result, the only remaining issue before the Court is whether [Plaintiff's] 'Search No. 2' is relevant to the claims and defenses in this case.

(Doc. 42, at 1-2; Doc. 42-1, at 1.) Search No. 2 asks for "[d]ocuments transmitted after January 1, 2018 from/to the Defendant's email accounts of John Holland and containing the terms Retir! or leave." (Doc. 40, at 4; Doc. 42-1, at 9.) Plaintiff did not file a reply brief. As such, Defendant's characterization of the remaining issues between the party, which is supported by email exchanged by counsel, is accepted as uncontested. (*See* Doc. 42-1, at 1.)

## ANALYSIS

**I.     Standards for Discovery.**

Fed. R. Civ. P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this

3

>scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face. ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991).

Once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

## II.     Discovery at Issue.

As stated above, Search No. 2 asks for "[d]ocuments transmitted after January 1, 2018 from/to the Defendant's email accounts of John Holland and containing the terms Retir! or leave." (Doc. 40, at 4; Doc. 42-1, at 9.) It is uncontested that Dr. Holland conducted Defendant's "fitness for duty" evaluations, including the one performed on Plaintiff.

Defendant objects that this information is overly broad and irrelevant. (Doc. 42, at 3.) Plaintiff contends that the information is relevant because Dr. Holland's retirement "occurred after his work became the subject of a federal class-action suit which was, at one point, certified by the District of Nebraska, not to mention a slew of other disability discrimination cases in this circuit and across the nation, in which [he] is named as the primary or sole decision-maker." (Doc. 40, at 11-12 (citations discussed in n.2, *infra*).) As such, Plaintiff argues that "Defendant's communications by and between Dr. Holland about his retirement go directly to the third element of Plaintiff's ADA claim[1] and directly relate to Defendant's discriminatory animus." (*Id.*, at 12.)

Plaintiff argues he would be entitled to know "if Defendant had, in fact, decided to force Dr. Holland's retirement … because he was Defendant's chief

---

[1] The third element is that Plaintiff was discriminated against because of his disability. ***Adair v. City of Muskogee***, 823 F.3d 1927, 1304 (10th Cir. 2016).

decisionmaker [and] subjected Defendant to repeated lawsuits alleging, among other things, ADA disability discrimination … ." (*Id*.) He further alleges he is entitled to know if, on the other hand, "Defendant was aware of Dr. Holland's unlawful behavior and idly stood by, [because] such evidence would also constitute competent evidence in support of Plaintiff's claims in this matter." (*Id*.)

Defendant responds that Dr. Holland is a board-certified physician in Occupational Medicine who, during his employment, provided medical guidance for Defendant's fitness-for-duty evaluation to "determine if an employee's specific health condition warranted functional work restrictions to ensure safety of the employee and others." (Doc. 42, at 3-4; Doc. 42-6, at 2.) It is uncontested that the ADA expressly allows employers to conduct such evaluations to determine if an employee is able to perform his or her essential job functions. (Doc. 42, at 4 (citations omitted).) It is also uncontested that, in reaching his conclusions, Dr. Holland relied on records, reports, and findings of other physicians relating to Plaintiff. (*Id*., at 5-7 (citations omitted).)

Defendant continues that Plaintiff's motion relies on mere speculation that Defendant "forced Dr. Holland's retirement because of repeated lawsuits." (*Id*., at 7 (citing Doc. 40, at 11-12).) Defendant correctly asserts that "the lawsuits [Plaintiff] cites don't support his speculation that Dr. Holland was acting with

6

discriminatory animus toward him."[2]  (*Id*.)  Defendant also correctly asserts that Plaintiff's Complaint does not allege malfeasance or discriminatory animus by Dr. Holland and does not mention, allege, or infer that Dr. Holland was forced to retire.  (*Id*., at 8 (citing Doc. 1).)  Finally, Defendant has confirmed that Dr. Holland merely retired from his employment and had no disciplinary history while working for Defendant.  (*Id*. (citing Doc. 42-2, at 12-14, 16-17.)

In sum, although Plaintiff has arguably established the facial relevance of the requested information, Defendant has adequately supported its objection that the topic is irrelevant to the claims and defenses in this case.  ***Waters v. Union Pac. RR Co.***, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) (holding that once a party filing a motion to compel has established the "low burden of relevance ... , the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request") (citing ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request bears the burden to

---

[2] ***Martin v. Union Pac. R.R. Co.***, 16-CV-2821-WJM-GPG, 2018 WL 2688881 (D. Colo. June 5, 2018) (merely denying defendant's motion for summary judgment while making no findings as to animus by Dr. Holland); ***Rohr v. Union Pac. R.R. Co.***, 19-1114-JTM, 2020 WL 5802079 (D. Kan. Sept. 29, 2020) (granting defendant's motion for summary judgment and not calling into question Dr. Holland's opinions); ***Krehbiel v. Union Pac. R.R. Co.***, 19-2002-JAR, 2020 WL 5503363, at *5 (D. Kan. Sept. 11, 2020) (noting there was is psychiatric evidence supporting Dr. Holland's conclusions and granting defendant's motion for summary judgment); ***Harris v. Union Pac. R.R. Co.***, 953 F.3d 1030 (8th Cir. 2020) (decertifying the class for lack of similarity and reaching no negative conclusions regarding Dr. Holland or his opinions).

support the objections)).  Plaintiff has not replied to Defendant's arguments.  The Court thus finds that Defendant has established the irrelevance and overbreadth of the information requested and **sustains** Defendant's objections.  Plaintiff's motion to compel (Doc. 39) is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of April, 2021, at Wichita, Kansas.

s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE