IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALFIE CARTER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-2093-DDC-KGG |
| UNION PACIFIC RAILROAD, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER GRANTING MOTION TO AMEND
SCHEDULING ORDER AND REVISED SCHEDULING ORDER**

The Court now considers Plaintiff's Motion to Amend Scheduling Order (Doc. 45). On April 19, 2021 the Court held a telephone hearing on this motion on the date originally set for the Final Pretrial Conference. Plaintiff was represented by EmmaLee Wilson and Nicholas Dudley. Defendant was represented by Robert L. Ortbals, Jr. and Virginia Lee Woodfork. The Court has considered Plaintiff's memorandum (Doc. 45), Defendant's response (Doc. 46) and presentations by counsel. The Plaintiff's motion is GRANTED, and the Scheduling Order is amended.

The original scheduling order was entered on August 18, 2020. April 9, 2021, was set as the deadline to complete all discovery. Plaintiff was required to provide expert disclosures by November 20, 2020, with Defendant providing its expert disclosures by January 22, 2021 and rebuttal expert disclosures by March

12, 2021.  The Final Pretrial Conference was set for April 20, 2021, later moved to April 19. (Doc. 11).

Plaintiff's counsel states that they were relying on Plaintiff's treating physician to provide needed expert medical testimony.  However, in early November 2020 the treating physician became uncooperative, and Plaintiff's counsel decided they needed a retained medical expert.  Counsel has been searching for an expert since that time, but the search has been hampered by the pressures on physicians caused by the current national medical emergency.

Plaintiff filed the present motion on April 2, 2021 requesting a broad restructuring of the schedule in this case.  Although the motion was filed before the deadline to complete discovery, it was filed over four months after the deadline to provide an expert.  Plaintiff's counsel explained that counsel delayed the request to re-set that deadline because another expert had not been located and counsel did not know how long a delay would be needed.

Plaintiff now proposes (contrary to the dates in the motion) to provide expert disclosures by July 16, 2021, which is a date counsel believes is necessary based on the schedule of an expert they have found.  If allowed, this adjustment would push other dates out so that the discovery deadline would be in October and the Final Pretrial Conference would occur sometime in November 2021.  This

represents an extension of the case schedule of about seven months. If the Court denies the motion, Plaintiff will be left without expert testimony.

Defendant objects to the extension request but agrees that some depositions remain to be completed by both sides, requiring a modest extension of the schedule. Defendant proposes an extension of the discovery deadline to June 9, 2021. Either side's proposed extension will result in a re-setting of the final pretrial conference and the trial date.

The Plaintiff requests amending the expert disclosure deadline set in the Scheduling Order. Modifications to the scheduling order may be made only for "good cause." Fed. R. Civ. P. 16(b)(4). The Plaintiff's motion is very late, filed months after the deadline. The Court does not condone this substantial lapse, and such a delay could reasonably result in a denial of the motion if the delay is material and prejudiced the opposing party. The Plaintiff's reason for the delay is not a valid excuse. However, this delay in and of itself does not necessarily prove an absence of good cause.

There is some tension between a pure Rule 16(b)(4) "good cause" analysis and Tenth Circuit precedent specifically relating to motions for leave to add an expert witness. See **Summers v Mo. Pac. R, R. Sys**., 132 F.3d 599 (10th Cir. 1977) and **Rimbert v. Eli Lily Co**., 647 F.3d 1247 (10th Cir. 2011). The issue in these cases arose in a different context. The court excluded a party's expert

through a *Daubert* motion, and the party then requested leave to name a new expert. The Circuit Court identified four factors to consider in that context: (1) the prejudice or surprise of the opposing party; (2) the ability of that party to cure any prejudice; (3) the disruption to the trial of the case caused by allowing a new witness; and (4) bad faith or willfulness in failing to comply with the court's order. 132 F.3d at 604.

In **Little v. The Budd Company**, 2018 WL 836292, No. 16-4170-DDC-KGG (D. Kan Feb 13, 2018) Judge Crabtree reviewed the relationship of these principals in affirming a decision of a Magistrate Judge to deny a motion to add an expert. Upholding the application of the "good cause" standard, Judge Crabtree affirmed the Magistrate Judge's discretion to deny the motion when the moving party had not acted with diligence.

The present case presents some unusual facts. The Plaintiff's lack of diligence was not in failure to meet the deadline to produce an expert report. The Plaintiff was surprised by the lack of cooperation of the treating physician. Although the Defendant is correct that the fact testimony of that witness may be compelled under Rule 45, an uncooperative treating physician can lead to a need for a retained expert. Also, the Court takes judicial notice of the challenges the current national medical emergency has presented to litigants seeking medical expert assistance.

The lack of diligence was in the Plaintiff's delay in requesting the deadline be extended. While the Court does not endorse the Plaintiff's excuse in this regard, neither does the Court find the explanation false or in bad faith. If this delay unfairly impacts the defense the motion should be denied. However, this is not the case. Even the Defendant requires a short extension of the discovery deadline. The Defendant will be permitted to provide a report responding to any Plaintiff's expert, and be allowed time to depose any retained expert. The trial date was already destined for extension based on the continuance of the final pretrial conference and the dispositive motion deadline. The Court is also mindful of the Circuit's admonition against "total inflexibility" (132 F. at 604) and the drastic result of leaving a party without critical evidence.

The Motion is GRANTED with the Scheduling Order modified as follows:

All discovery in this case must be commenced or served in time to be completed by **October 15, 2021**. No further written discovery may be served. Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1)

the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **July 16, 2021**, and by defendant by **August 20, 2021**. The parties are not permitted further rebuttal expert reports. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **November 19. 2021**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any

extensions, approximately 60 days before trial. Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by 42 days before trial.

Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is scheduled for **November 4, 2021** at **10:00 a.m.**; this pretrial conference may be conducted by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person. Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.  No later than **October 29, 2021**, defense counsel must submit the

parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*.  The proposed pretrial order must <u>not</u> be filed with the Clerk's Office.  It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

The parties expect the jury trial of this case to take approximately five trial days.  This case will be tried in Kansas City, Kansas.  This case is set for trial on the court's docket beginning on **August 2, 2022, at 9:00 a.m.**  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.  The trial setting may be changed only by order of the judge presiding over the trial.  The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website: [http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf](http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf)

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated April 21, 2021, at Wichita, Kansas.

S/ KENNETH G. GALE
KENNETH G. GALE